1  Dennis J. Hayes, Esq. Bar No. 123576
2  Email: djh@sdlaborlaw.com
3  Adam E. Chaikin, Esq. Bar No. 199458
   Email: aec@sdlaborlaw.com
4  **Law Offices of Dennis J. Hayes**
5  3258 Fourth Avenue
   San Diego, California 92103
6  Telephone: (619) 297-6900
7  Facsimile: (619) 297-6901

8  Attorneys for RSA Defendants, Riverside
   Sheriffs' Association (RSA);
9  James J. Cunningham, individually and as
   an agent of the RSA; and Tanya Conrad,
10 individually and as an agent of the RSA

11
12             **UNITED STATES DISTRICT COURT**
               **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| 14  SCOTT TEUTSCHER, an individual, | ) Case No. EDCV 06-1208 SGL (OPx) |
| 15                  Plaintiff, | ) Riverside Superior Court Case No. RIC 456858 |
| 16        v. | ) |
| 17  RIVERSIDE SHERIFF'S ASSOCIATION; | ) **STIPULATED PROTECTIVE** |
| 18  RIVERSIDE SHERIFF'S ASSOCIATION LEGAL DEFENSE TRUST; JAMES J. | ) **ORDER** |
| 19  CUNNINGHAM individually AND AS AN | ) ==Note changes on page 4 line 3-4.== |
| 20  AGENT OF THE RIVERSIDE SHERIFF'S ASSOCIATION / RIVERSIDE SHERIFF'S | ) |
| 21  ASSOCIATION LEGAL DEFENSE | ) Dept.:    Courtroom 1 |
| 22  TRUST, TANYA CONRAD individually AND AS AN AGENT OF THE | ) Judge:    Hon. Stephen G. Larson |
| 23  RIVERSIDE SHERIFF'S ASSOCIATION | ) Magistrate Judge: Oswald Parada |
| 24  and DOES 1-50, INCLUSIVE, | ) |
| 25                  Defendants. | ) |

---

1

Protective Order                                          USDC Case No. EDCV 06-1208 SGL (OPx)

| | |
|---|---|
| 1 | JAMES J. CUNNINGHAM, |
| 2 |             Counter-Claimant, |
| 3 |       v. |
| 4 | SCOTT TEUTSCHER, |
| 5 | and DOES 1-10, INCLUSIVE, |
| 6 |             Counter-Defendants. |

8  Upon the Stipulation re Protective Order submitted by the parties to this action, and upon good cause shown,

10  **IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that

11  1.  In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to the personal information of the parties and/or third parties.

17  2.  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the designation within the meaning of <u>Federal Rule of Civil Procedure 26 (g)</u>. Confidential documents shall be so designated by stamping copies of the document produced to a party with the legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the cover of any multipage document shall designate all pages of the document as confidential, unless otherwise indicated by the producing party.

25  3.  Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding.  Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript

containing information designated as confidential, and to label such portions appropriately.

    4.    Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential (hereinafter "Confidential Material") shall be used only for the purpose of the prosecution, defense, or settlement of this action, and for no other purpose.

    5.    Confidential Material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including the paralegal, clerical, and secretarial staff employed by such counsel,) and to the "qualified persons" designated below:

    (a)    a party, or an officer, director, or employee of a party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

    (b)    experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, or settlement of this action;

    (c)    court reporter(s) employed in this action;

    (d)    a witness at any deposition or other proceeding in this action; and

    (e)    any other person as to whom the parties in writing agree.

Prior to receiving any Confidential Material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A hereto.

    6.    Depositions shall be taken only in the presence of qualified persons.

    7.    Nothing herein shall impose any restrictions on the use or disclosure by a party of material obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Confidential Material as it deems appropriate.

8.     If Confidential Material, including any portion of a deposition transcript designated as Confidential, is included in any papers to be filed in Court, such papers shall be labeled "Confidential--Subject to Court Order" and filed ~~under seal until further order of this Court.~~ in compliance with Local Rule 79-5.

9.     In the event that any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use, and the party using such shall take all reasonable steps to maintain its confidentiality during such use.

10.    This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether any particular document or information is confidential or whether its use should be restricted or (ii) to present a motion to the Court under <u>FRCP 26 (c)</u> for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein.  This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order.

11.    This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process.  Nothing in this Order nor the production of any information or document under the terms of this Order nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party of or altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

12.    This Order shall survive the final termination of this action, to the extent that the information contained in Confidential Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.  Upon termination of this case, counsel for the parties shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

13. The parties hereby waive any and all claims that they may have to be a confidential source for the news media with respect to documents marked "CONFIDENTIAL" under the terms of this Order; and in the event that any news reporter claims that he or she obtained documents marked as "CONFIDENTIAL" under the terms of this Order, from a confidential source, the parties agree that such reporter should, and is hereby directed to, disclose the identity of that source if the source is a party to this stipulation.

**IT IS SO ORDERED.**

DATED: 10/8/08

**THE HONORABLE OSWALD PARADA, UNITED STATES MAGISTRATE JUDGE**

<u>Attachment A</u>

NONDISCLOSURE AGREEMENT

I, _____ do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Scott Teutscher v. Riverside Sheriffs' Association, et al.*, United States District Court for the Central District of California, Civil Action No. EDCV 06-1208 SGL (OPx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further Order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____          _____